PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTOINE E. DAVIS, ) | |
| ) | CASE NO. 4:13cv1693 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| PLATO KALFAS, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** [Regarding ECF No. 1] |

*Pro se* Plaintiff Antoine E. Davis filed this action under 42 U.S.C. § 1983 against attorney Plato Kalfas and Mahoning County Court of Common Pleas Judge Lou A. D'Apolito. ECF No. 1. In the Complaint, Davis alleges he was unlawfully arrested and falsely imprisoned and that Defendants defamed him and defrauded him into believing he was subject to the jurisdiction of the state courts. He seeks monetary and injunctive relief.

## I. Background

Davis is currently incarcerated in the Belmont Correctional Institution in St. Clairsville, Ohio. Publicly available state court records show that on August 16, 2011, Davis pleaded guilty in the Mahoning County Court of Common Pleas to one count of kidnaping in violation of Ohio Rev. Code § 2905.01 and two counts of felonious assault in violation of Ohio Rev. Code § 2903.11. *State of Ohio v. Davis*, No. 10CR1137 (Mahoning Cnty. Ct. C.P. filed on Oct. 28, 2010), *available at* http://courts.mahoningcountyoh.gov/pa/pa.urd/pamw2000.docket_lst?44240242. The docket in that case reflects that Defendant D'Apolito was the presiding judge and that Defendant Kalfas was

(4:13cv1693)

appointed as counsel for Davis. *Id*. On October 18, 2011, Judge D'Apolito sentenced Davis to nine years incarceration for the kidnaping charge and eight years incarceration for the felonious assault charges, which merged for purposes of sentencing, to run concurrently for a total aggregate sentence of nine years in prison. *Id*.

On March 15, 2012, Davis sued Defendants Kalfas and D'Apolito in the Mahoning County Court of Common Pleas, alleging Defendants "worked a Fraud upon him by having him believe that he was subject to their corporate Admiralty/Maritime court jurisdiction, of their State County Courts." *See Davis v. Kalfas*, No. 2012 CV 797, 8/16/2012 entry (Mahoning Cnty. Ct. C.P. filed on Mar. 15, 2012), http://courts.mahoningcountyoh.gov/pa/pa.urd/pamw2000.docket_lst?48372334. On August 16, 2012, the state court granted Judge D'Apolito's motion to dismiss and Kalfas's motion for judgment on the pleadings and entered judgment in the Defendants' favor. *Id*; ECF No. 1-7 at 4. Davis filed a notice of appeal in the Seventh District Court of Appeals of Ohio on August 31, 2012. *Davis v. Kalfas*, No. 12 MA 160 (Ohio Ct. App. filed on Aug. 31, 2012), *available at* http://courts.mahoningcountyoh.gov/pa/pa.urd/pamw2000.docket_lst?77048189. He filed a motion to voluntarily dismiss his appeal, which was granted by the Ohio appeals court on January 31, 2013.[1] *Id*.

In the present action, Davis's unsigned Complaint alleges a string of injuries purportedly

---

[1] Davis also filed a civil rights complaint against Kalfas and D'Apolito, among other defendants, in the United States Court of Federal Claims, again alleging Defendants defrauded him into believing he was subject to the jurisdiction of the Ohio courts. *Davis v. United States*, No. 13-66 (Fed. Cl. filed on Jan. 28, 2013). That action was voluntarily dismissed without prejudice pursuant to Rule 41(a) of the Rules of the Court of Federal Claims on May 3, 2013. ECF No. 1-3.

2

(4:13cv1693)

inflicted by Defendants Kalfas and D'Apolito, but contains little in the way of factual allegations. The Complaint asserts Davis was arrested on September 10, 2010 and "held for ransom" in Mahoning County, Ohio. ECF No. 1 at 6. Davis entered into a "Written Retainer Agreement" with Kalfas, whom he claims worked a fraud upon him by having him believe that he was subject to the jurisdiction of the state courts. ECF No. 1 at 6. He claims Defendants also caused him to suffer "Defamation of character, unlawful restraint, false imprisonment, loss of Employment, and punitive damages of mental anguish, physical suffering, family stress, and Emotional distress." ECF No. 1 at 7. He seeks damages for unlawful arrest and for loss of "life, liberty, and property," and asks the Court to "issue an order to reinstate his liberty." ECF No. 1 at 12.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327. An action has no arguable factual basis when the allegations are "delusional" or rise to the level of the irrational or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992); Lawler, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted,

3

(4:13cv1693)

the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true." *Id.* (citations and footnote omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. Law and Analysis

**A. Plaintiff's Section 1983 Claims Fail to State a Claim Upon Which Relief May Be Granted**

As an initial matter, Davis's claims relate to his criminal case. His allegation that the Ohio courts were without jurisdiction to try him and that his conviction resulted from false arrest, false

4

(4:13cv1693)

imprisonment, and due process violations clearly challenges the validity of his conviction and resulting confinement in an Ohio penal institution. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Id*

Furthermore, a prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994); *Edwards v. Balisok,* 520 U.S. 641, 646 (1997). The holding in *Heck* applies whether a plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97–4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998). Thus, absent an allegation that Davis's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Davis has failed to state a cognizable claim for relief against Defendants.

Moreover, even if Davis's civil rights claims were not barred by *Heck*, he fails to state a cognizable claim for relief against Defendant Kalfas. To establish a *prima facie* case under 42 U.S.C. § 1983, a plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is only applicable to private parties when the actions taken "can fairly be seen as state action." *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982).

5

(4:13cv1693)

It is firmly established that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 321 (1981). Defendant Kalfas in this case was Davis's court appointed defense counsel. Merely being a participant in litigation does not make a private party a co-conspirator or joint actor with the state, *Dennis v. Sparks*, 449 U.S. 24, 28 (1980), and there is no allegation that Kalfas exercised any powers that are traditionally exclusively reserved to the state. Additionally, Kalfas did not deprive Davis of any federal right because Kalfas was not responsible for arresting, charging, convicting, or sentencing Davis. *See Hassink v. Mottl*, 47 F. App'x 753, 755 (6th Cir. 2002) (affirming dismissal of state prisoner's § 1983 claim against criminal defense counsel where defendant attorneys were not state actors and were not responsible for the denial of the plaintiff's request for bond on appeal of a state court conviction); *White v. Robertson-Deming*, 9 F. App'x 418, 419-20 (6th Cir. 2001) (state prisoner's § 1983 action alleging two state public defenders failed to competently represent him failed to state a federal claim for relief); *White v. Downes*, No. 98-2227, 1999 WL 776298, at *1 (6th Cir. Sept. 22, 1999) (state prisoner failed to state cognizable § 1983 claim where complaint alleged defendant attorney rendered ineffective assistance of counsel in a state court criminal proceeding); *Groke v. Towns*, No. 98-1360, 1999 WL 195737, at *1 (6th Cir. Mar. 23, 1999) (state prisoner's civil rights conspiracy claim against appointed state trial court attorney properly dismissed as frivolous).

Finally, Judge Lou A. D'Apolito is a state court judge entitled to absolute judicial immunity. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). This is true even if a judge acts

6

(4:13cv1693)

erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). When the function complained of is "a truly judicial act," judicial immunity applies. *Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 860 (E.D. Mich. 2008) (citing *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). No facts have been alleged that reasonably suggest that Judge D'Apolito acted outside the scope of his official duties. He was acting within the scope of his official duties in presiding over Davis's criminal case.

Accordingly, for all the foregoing reasons, Davis's federal civil rights claims are subject to summary dismissal under § 1915(e).

### B. The Court Declines Jurisdiction Over Plaintiff's State Law Claims

Davis contends Defendants are liable for various state law torts, including defamation and fraud. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Davis's federal law claims, the Court declines jurisdiction to hear Davis's state law claims. Accordingly, Davis's state law claims are subject to summary dismissal under § 1915(e).

### IV. Conclusion

For the reasons stated above, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The

(4:13cv1693)

Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
|  September 6, 2013  |   /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |